UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDALL JAY KAPLUN,**

      **Plaintiff,**

      v.

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

Case No. 2:14-cv-00439
**JUDGE GREGORY L. FROST**
Magistrate Judge Terrence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation dated February 20, 2015 ("R&R") (ECF No. 11), and Plaintiff's objections thereto (ECF No. 12). In the R&R, the Magistrate Judge recommended that the Court affirm the Commissioner of Social Security's decision denying benefits and enter judgment in the Commissioner's favor. For the reasons that follow, the Court **OVERRULES** the objections and **AFFIRMS** and **ADOPTS** the R&R.

### I. BACKGROUND

Plaintiff applied for disability benefits on September 19, 2012, alleging that he has been disabled since June 11, 2010. An administrative law judge ("ALJ") held a hearing on Plaintiff's application on March 19, 2013 and concluded that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). Specifically, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light exertional work such that he was capable of gainful employment. That decision became the Commissioner's final decision. Plaintiff filed

the present lawsuit seeking review of that decision pursuant to 42 U.S.C. § 405(g).

Plaintiff filed a Statement of Specific Errors, alleging that the ALJ violated the "treating physician" rule found in 20 C.F.R. § 404.1527(c)(2). That rule states:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(c)(2).

Plaintiff asserts that the ALJ erred by assigning less than controlling weight to the opinions of his treating physician, Dr. Ream, and by failing to clearly articulate his reasons for doing so. Plaintiff also asserts that the ALJ's residual functional capacity finding is flawed because he found Plaintiff qualified to perform "light work" despite the fact that he (the ALJ) did not adopt either Dr. Ream's opinion (finding Plaintiff unable to work) or the state agency medical consultants' opinions (limiting Plaintiff to "medium" exertional work). Plaintiff characterizes the ALJ's conclusion as a "split the baby" approach that the Act does not authorize. (ECF No. 7, at PAGEID # 430.)

For his second error, Plaintiff asserts that the ALJ failed to properly evaluate his credibility. According to Plaintiff, the ALJ's reasons for discounting Plaintiff's testimony about

his ailments are not supported by the record.

The Magistrate Judge analyzed Plaintiff's arguments under the standard set forth in 42 U.S.C. § 405(g). That is:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla.' " *Id*. *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Sec'y*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Sec'y*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must " 'take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Sec'y of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

(ECF No. 11, at PAGEID # 462–63.)

The Magistrate Judge, applying that standard, rejected Plaintiff's statement of errors. Regarding the treating physician rule, the Magistrate Judge found that the "ALJ's articulated rationale for rejecting Dr. Ream's opinion is, at best, marginally sufficient to satisfy the articulation requirement found in §404.1527(c)." (*Id*. at PAGEID # 465.) The Magistrate Judge found that, although the ALJ only mentioned Dr. Ream briefly, he spent a considerable amount of time discussing why Dr. Ream's substantive opinions contradicted his own medical findings as well as the objective medical evidence. The Magistrate Judge concluded that the ALJ's reasons for discounting Dr. Ream's opinions were "valid" and "supported by the record." (*Id*.)

3

Regarding Plaintiff's second objection, the Magistrate Judge stated the following:

> Given that an ALJ's credibility finding is something that a reviewing court "may not disturb absent compelling reason," *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001), and the fact that Plaintiff has not advanced a compelling reason in this case, it would be inappropriate for this Court to second-guess how the ALJ weighed the various factors which touched on Plaintiff's credibility. A different judge might have come to a different conclusion based on these facts, but, as the Court of Appeals has often noted, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Since that is the case here, there is no merit to Plaintiff's second claim of error.

(*Id*. at PAGEID # 469.)

Plaintiff objects to each of the Magistrate Judge's conclusions. The Court will address those objections below.

## II. ANALYSIS

### A. Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. First Objection

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ properly applied the treating physician rule. Specifically, Plaintiff argues that "Dr. Ream's opinions are well-supported by clinical and objective evidence" such that the ALJ erred in declining to give these opinions controlling weight. (ECF No. 12 at PAGEID # 472.) In other words, the ALJ

4

concluded that Dr. Ream's opinions contradict the medical evidence, and Plaintiff argues that substantial evidence supports the opposite conclusion: that Dr. Ream's opinions are well-supported by clinical and objective evidence.

Such an objection, even if true, is not a proper basis for overruling the ALJ's decision. *See, e.g., Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (holding that the Commissioner's decision must be affirmed if it is supported by substantial evidence, even if substantial evidence also supports the opposite conclusion); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). Plaintiff fails to address the ALJ's specific conclusions and explain why they are not supported by substantial evidence. The Court sees no reason to set aside the Magistrate Judge's conclusion on this issue.

The Court reaches the same conclusion with respect to Plaintiff's RFC argument. Having found no reason to set aside the ALJ's decision to afford limited weight to Dr. Ream's opinions, the Court agrees with the Magistrate Judge that "the blending of opinion evidence to come up with an RFC that takes elements of each is not necessarily error." (ECF No. 11, at PAGEID # 466 (citing *White v. Comm'r of Social Security*, 2013 WL 4414727 (E.D. Mich. Aug. 14 2013).) Plaintiff does not offer any argument to the contrary. As such, the Court finds Plaintiff's first objection to be without merit.

### C. Second Objection

Plaintiff next argues that the ALJ failed to properly evaluate his credibility. Cognizant that "[i]t is ... for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses,

5

including that of the claimant," *Rogers v. Comm'r of Soc. Sec'y*, 486 F.3d 234, 247 (6th Cir. 2007), the Court agrees with the Magistrate Judge that this objection is without merit.

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence because the ALJ afforded more weight to the negative EMG results than he afforded to the evidence in Plaintiff's favor. The Court agrees with the Magistrate Judge, however, that Plaintiff's disagreement with the weight assigned to certain factors is not a proper basis to overturn the ALJ's credibility determination. *See, e.g., Thomas v. Comm'r of Soc. Sec'y*, No. 1:13CV1777, 2014 WL 2114567, *16 (N.D. Ohio May 20, 2014) ("[T]he Court is charged with determining the sufficiency of the evidence, not its weight.").

Plaintiff next argues that the ALJ erred by considering the fact that Plaintiff worked in a light exertional capacity while "ignoring the fact that [Plaintiff] was given special accommodations to perform this work." (ECF No. 12, at PAGEID # 475.) But the Magistrate Judge explicitly noted this fact, *see* ECF No. 11, at PAGEID # 467 ("Plaintiff went back to work for eleven weeks after his onset date at a reduced exertional level"), as one of several factors that the ALJ considered in making his credibility determination. Plaintiff's contention that his special accommodations were "ignored" is without merit.

Next, Plaintiff argues that the ALJ erred by discounting Plaintiff's credibility based on his course of treatment, meaning that the ALJ improperly considered the facts that Plaintiff did not wish to take narcotics and that his treatment was occasional and routine in finding Plaintiff not credible. Plaintiff asserts that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment *without first considering any explanations that the individual may provide*." (ECF No. 12, at

6

PAGEID # 476 (emphasis added).)  As the Magistrate Judge noted, however, "the ALJ was not required to accept [Plaintiff's] explanations, especially where, as here, some of them are not supported by any evidence apart from Plaintiff's own testimony."  (ECF No. 11, at PAGEID # 468.)  The Court sees no reason to set aside the Magistrate Judge's analysis on this issue.

For his final objection, Plaintiff argues that the ALJ erred because "the fact that Plaintiff could perform some activities of daily living fails to contradict any of Plaintiff's allegations and does not support an inference that he could work a full-time job on a sustained basis."  (ECF No. 12, at PAGEID # 477.)  But the ALJ considered Plaintiff's daily living activities as one of many factors relevant to his credibility determination.  Plaintiff's argument, even if true, does not mandate the conclusion that the ALJ's credibility determination is not supported by substantial evidence.  The Court therefore finds no merit to Plaintiff's second objection.

### III.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 12) and **AFFIRMS** and **ADOPTS** the R&R (ECF No. 11).  The Clerk is **DIRECTED** to enter judgment in Defendant's favor and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

7